

## State of New Jersey

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
P.O. Box 116
TRENTON, NJ 08625-0116

MATTHEW J. PLATKIN
*Attorney General*

MICHAEL T.G. LONG
*Director*

March 6, 2023

**VIA ECF**

The Honorable Georgette Castner, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

       **Re:** *Lasche v. State of New Jersey, et al.*
           **Civil Action No. 3:18-cv-17552**

Dear Judge Castner:

As the Court is aware, this office represents Defendants the State of New Jersey,

the New Jersey Department of Children and Families ("DCF"), Kyle Higgins, Mary

Lippencot, Katie Epperly, Janelle Clark and Christine Norbut Beyer (collectively

hereinafter, "State Defendants"), in the above-captioned matter. Presently pending

before the Court is State Defendants' motion for partial dismissal of Plaintiffs Michael

and Jennifer Lasche's Third Amended Complaint. *See* ECF No. 56. In lieu of a more

formal submission, kindly accept this letter brief in reply to Plaintiffs' opposition.



**POINT I**

**THE STATE AND DCF HAVE SOVEREIGN IMMUNITY FROM LIABILITY AS TO PLAINTIFFS' CLAIMS UNDER § 1983 AND § 1985.**

As demonstrated in State Defendants' opening brief, the State and DCF are entitled to sovereign immunity from liability as to Plaintiffs' claims for injunctive relief under 42 U.S.C. §§ 1983 and 1985. In their opposition brief, Plaintiffs argue "the Defendants waived their Eleventh Amendment immunity when they remanded the case from State Court to this Court." *See* ECF No. 59.

While State Defendants may have waived their immunity from being sued in federal court by removing this case, *see Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613 (2002), they plainly did not waive their immunity from liability by doing so. As the Third Circuit recognized in *Lombardo v. Pennsylvania, Department of Public Welfare*, 540 F.3d 190, 193 (3d Cir. 2008), "state sovereign immunity includes both immunity from suit in federal court and immunity from liability," and a state may waive one form of immunity without waiving the other. Thus, even when a state voluntarily removes a case from state court and waives its immunity from suit, the state "retains all defenses it would have enjoyed had the matter been litigated in state court, including immunity from liability." *Id.* at 198.

Accordingly, while State Defendants' removal may have waived their sovereign immunity from suit, they nonetheless retain the ability to assert any sovereign immunity

affirmative defenses to liability that are available to them. *See Lombardo*, 540 F.3d at 195 (citing *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 766 (2002); *Dellmuth v. Muth*, 491 U.S. 223, 229 (1989); *Edelman v. Jordan*, 415 U.S. 651, 662-64 (1975)). Here, the State and DCF are entitled to sovereign immunity from liability as to Plaintiffs' claims for injunctive relief under § 1983 and § 1985 because, under black-letter law, neither the State nor DCF – a state agency – are "persons" subject to liability under either federal civil rights statute. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989).

Thus, sovereign immunity shields the State and DCF from liability as to Plaintiffs' claims for injunctive relief under federal law.

## POINT II

### PLAINTIFFS' CLAIM AGAINST DEFENDANT CLARK MUST BE DISMISSED.

As set forth in State Defendants' opening brief, the claim against individual Defendant Janelle Clark is insufficient as a matter of law and requires dismissal with prejudice.

The law is clear that a plaintiff seeking injunctive relief as to state action cannot secure such relief merely by naming some public employee, but rather must sue the official who has the capacity to require the public entity to act in accordance with the injunction. *See, e.g.*, *Whole Woman's Health v. Jackson*, 142 S. Ct. 522 (2021) (in case seeking injunction to bar Texas Attorney General from enforcing provisions of bill that

authorized private citizens to file civil actions against persons who provided reproductive health care, Court dismissed claims because performance of Texas Attorney General's official responsibilities did not include any power to enforce that statute, and so injunction could not have been effective).

The Court's most recent opinion in this matter had specified that, to state a cognizable potential claim for injunctive relief against an individual Defendant, Plaintiffs had to plausibly allege that the defendant was: (1) "directly involved in the suspension of Plaintiffs' foster license by virtue of their authority to participate in foster licensing administration or otherwise" or (2) had "authority to suspend a foster license under New Jersey law" and "that this individual did, in fact, suspend Plaintiffs' license for retaliatory reasons." *See* ECF No. 50.

There is simply nothing in either Plaintiffs' Third Amended Complaint or their opposition brief that provides sufficient factual allegations to infer that Defendant Clark (who has never been alleged to have been involved in licensure decisions or possessed the power to suspend a license) can actually put into effect the injunction sought—that is, to provide Plaintiffs a license to serve as foster parents.

In response to the inadequacy of their claim against Defendant Clark, which Plaintiffs attribute to "a drafting error on the part of Counsel[,]" Plaintiffs attempt to evade dismissal of their claims with prejudice by arguing: (1) they should be granted leave to amend their pleading as to the claims against Defendant Clark to add factual

specificity; or (2) the dismissal of their claims against Defendant Clark should be without prejudice so that they can move for leave to amend "if discovery shows that she played an active part in the license suspension[.]" *See* ECF No. 59. Both arguments lack merit and will be addressed in turn.

First, a dismissal with prejudice of the claim against Defendant Clark is appropriate because, despite having been afforded numerous opportunities to amend their pleading, Plaintiffs have still failed to allege a sufficient plausible basis to support a colorable claim for injunctive relief against Defendant Clark. *See Holmes v. Gates*, 403 F. App'x 670, 674 (3d Cir. 2010) ("[The plaintiff] had three opportunities to include [the necessary facts] in her complaint, yet she repeatedly failed to do so. Accordingly, the District Court did not err in dismissing her complaint [with prejudice].") This Court should decline to provide Plaintiffs with any further opportunities to amend their pleading and should elect to dismiss the claim, as deficiently pled against Defendant Clark, with prejudice at this juncture.

Secondly, it would be inappropriate at this time to dismiss the claim against Defendant Clark without prejudice so that Plaintiffs can seek leave to amend "if discovery shows that she played an active part in the license suspension[,]" *see* ECF No. 59, because the Third Amended Complaint does not allege – or even suggest – that she was involved in the suspension of Plaintiffs' license or that she possessed the power (either by virtue of her position or under New Jersey law) to suspend their license.

Plaintiffs should not be entitled to gather evidence in an effort to uncover support for factual allegations that were never pleaded as to Defendant Clark in the Third Amended Complaint. After all, "[d]iscovery . . . cannot serve as a fishing expedition through which plaintiff searches for evidence to support facts he has not yet pleaded." *Giovanelli v. D. Simmons Gen. Contr.*, No. 09-1082, 2010 U.S. Dist. LEXIS 23685, at *17 (D.N.J. Mar. 15, 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007)); *see also Burns v. Lavender Hill Herb Farm, Inc.*, 167 F. App'x 891, 894 (3d Cir. 2006) (rejecting argument that plaintiff was entitled to go on "a court-anointed fishing expedition" in attempt to meet pleading requirement of establishing personal jurisdiction over a defendant).

As a result, the Court should dismiss Plaintiffs' claim against Defendant Clark with prejudice.

## POINT III

### PLAINTIFFS' LAD CLAIM MUST BE DISMISSED.

Although Plaintiffs attempt to sidestep their pleading inadequacies regarding their state-law claim under the New Jersey Law Against Discrimination ("LAD") by suggesting a determination on the claim must await completion of discovery, State Defendants' arguments in support of dismissal concern the failure of the pleading itself, so that no reason exists to delay a dismissal of this facially-defective claim until the summary judgment stage.

March 6, 2023
Page 7

As State Defendants demonstrated in their opening brief, the LAD claim fails on its face, as a matter of law. To establish a prima facie case for alleged unlawful disparate treatment in violation of the LAD, a plaintiff must show that a protected group has "been singled out and treated less favorably than others similarly situated on the basis of an impermissible criterion" under the anti-discrimination laws. *EEOC v. Metal Serv. Co.*, 892 F.2d 341, 347 (3d Cir. 1990). The initial burden of showing a prima facie case is met when the plaintiff "shows that 'it is more likely than not' that the employer's actions were based on unlawful considerations." *Dixon v. Rutgers, The State Univ. of N.J.*, 541 A.2d 1046, 1051 (1988) (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)).

Because State Defendants' motion to dismiss is based solely on the facial inadequacy of the claim as pleaded, Plaintiffs are wrong in asserting that the LAD claim can be evaluated only after discovery is conducted and a motion for summary judgment filed. Rather, this Court can, and should, dismiss the claim because, based just on Plaintiffs' pleading and the applicable law, it is manifest that the LAD claim fails as the facts cannot support the conclusion that any action taken with respect to Plaintiffs' license was based on a discriminatory motivation. Rather, the facts alleged unequivocally demonstrate the existence of a legitimate and non-discriminatory reason for suspending foster child placements with Plaintiffs – a well-founded concern that Plaintiffs might inform a vulnerable gay foster child entrusted to their temporary care

of their disapproval of homosexuality (irrespective of the foundation for that disapproval), which a state agency could plainly find would cause emotional harm to the child. There is no plausible suggestion that this reason was merely a "pretext" for discriminating against Plaintiffs' religion.

Thus, the LAD claim plainly fails as a matter of law and should be dismissed without the need to await completion of discovery.

## **CONCLUSION**

For the reasons set forth in the original moving papers and herein, the relevant portions of Plaintiffs' Third Amended Complaint should be dismissed with prejudice.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Robert J. McGuire
Robert J. McGuire
Deputy Attorney General
Attorney ID: 046361992

cc: Counsel of Record (via ECF)