## ROSELLI GRIEGEL LOZIER, PC

*Attorneys at Law*      1337 State Highway 33 ▪ Hamilton Square, NJ 08690
Phone (609) 586-2257 ▪ Fax (609) 586-2476

December 18, 2024

**Via electronic filing**
Hon. Tonianne J. Bongiovanni
United States Magistrate Judge
United States District Court for New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:    ***Lasche et al. v. State of New Jersey et al.,*** No. 3:18-cv-17552
         **Response to Defendants' December 17th Letter**

Hon. Judge Bongiovanni:

Plaintiffs Michael and Jennifer Lasche write in opposition to Defendants'
December 17 letter requesting a stay of all discovery while this Court considers the
pending motions.

This opposition makes two points. First, the Court should reinstate Plaintiffs'
motion for leave to amend their complaint and authorize initial discovery on the
unaffected claims and Defendants. Second, Defendants' "anticipated" immunity
arguments, *see* ECF No. 108 at 2, are no ground to stay discovery altogether.

> **I.    The Court should reinstate Plaintiffs' motion for leave to amend
> and authorize initial discovery on the unaffected claims and
> Defendants.**

As Defendants' request concedes, Plaintiffs' motion to dismiss should only be
reinstated "if the Court denies Plaintiffs' motion to amend" the complaint. *See* ECF
No. 108 at 2. On this, Plaintiffs agree. There is no point in reinstating Defendants'
motion to dismiss unless the Court first denies Plaintiffs' motion for leave to amend.
And any such denial cannot come about via administrative termination. Rather, the
Court must reinstate and rule on Plaintiffs' motion for leave to amend under the
standards set forth by Fed. R. Civ. P. 15.

As Plaintiffs' brief supporting amendment explains, "the Third Circuit has long
favored granting leave" in civil rights cases—and, under Rule 15, amendment can
only be denied under specified circumstances. *See* ECF No. 97-1 at 3. Those
circumstances do not include unsuccessful settlement discussions. Indeed, it would
be "an abuse of discretion to deny leave to amend" because of "case management
concerns." *Alvin v. Suzuki*, 227 F.3d 107, 121-22 (3d Cir. 2000). As such, it would be
improper to simply leave Plaintiffs' motion administratively terminated because of

Hon. Tonianne J. Bongiovanni, U.S.M.J.
December 18, 2024
Page 2 of 5

now-ended, unsuccessful settlement discussions. Plaintiffs' motion for leave to amend should therefore be reinstated and ruled upon under Rule 15's standards.

At the same time, Plaintiffs reject Defendants' suggestion that all discovery should be stayed until the Court resolves the Plaintiffs' motion for leave to amend (and potentially also, Defendants' motion to dismiss). Defendants claim that all discovery should be entirely stayed because the proposed amended complaint "names an individual not currently named in the operative complaint," ECF No. 108 at 2. This is no basis to foreclose all discovery.

That is because there are Defendants and claims that would proceed to discovery regardless of whether Plaintiffs' proposed amended complaint is allowed. Even if Defendants ran the table—*i.e.*, Plaintiffs' motion for leave to amend were denied *and* Defendants' motion to dismiss was *both* reinstated *and* granted in full—that would only dismiss "§ 1983 and § 1985 claims against the State and DCPP (Counts Two and Three) and the LAD claim (Count One) and all claims against defendant Clark." ECF No. 56-1 at 2. That would mean Plaintiffs would *still* be entitled to full discovery against four Defendants: Higgins, Lippencot, Epperly, and Beyer. The inevitability of discovery regarding these four Defendants is no basis for Plaintiffs to wait for: (1) full briefing to conclude on the motion for leave to amend; (2) the time for any hearing and the Court's decision; (3) if granted, another "45 days [for Defendants] to respond to Plaintiffs' complaint," ECF No. 108 at 3 (Defendants' preemptive extension request); (4) the time for full briefing on Defendants "move for dismissal" against the newly amended complaint, *id.* at 2 (Defendants' announced intention); and (5) the time for a Court decision on that motion to dismiss. Nothing about judicial economy supports making Plaintiffs wait—at a minimum—six-and-a-half years for inevitable discovery to finally begin.

Under such circumstances, courts routinely allow discovery to proceed because at least some discovery is inevitable. *See, e.g.*, *Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 332-33 (D.N.J. 2019) (denying stay motion where even if motion to dismiss were "granted *in toto*," some claims "will remain"). Here, the parties can easily limit discovery to those claims and Defendants that are unaffected by the pending motions. This does not affect Defendants' resources, because such discovery would need to be taken regardless of how the pending motions are decided. Rather, allowing the unaffected discovery to proceed will ensure that this case—after six years—stops stalling at the starting gate.

Accordingly, Plaintiffs request that the Court reinstate and rule on its motion for leave to amend while authorizing discovery to proceed on the unaffected claims and Defendants.

Hon. Tonianne J. Bongiovanni, U.S.M.J.
December 18, 2024
Page 3 of 5

## II. As courts nationwide recognize, anticipated immunity defenses are not a basis to delay discovery.

Defendants' anticipated immunity arguments likewise do not justify delaying discovery.

In Defendants' pending motion to dismiss, they assert sovereign immunity as to two Defendants. In their letter to this Court, Defendants announced that they "anticipate" asserting qualified immunity as to the damages claims brought against the other Defendants, if the Court grants Plaintiffs' motion for leave to amend. ECF No. 108 at 2. Neither qualified immunity nor sovereign immunity would justify delaying all discovery now.

While a stay may be appropriate in cases where all claims could be dismissed based on the defendant's immunity—because that would negate all discovery—the rule does not hold in cases like this one. That is, in cases where there are claims that will be unaffected by the defendant's asserted immunities. For example, in cases involving both official and personal capacity claims, "[t]here are powerful policy reasons why discovery should not be halted" while the scope of qualified immunity is decided. *Lugo v. Alvarado*, 819 F.2d 5, 7 (1st Cir. 1987).

Indeed, "[m]ost courts confronting cases raising both individual and official capacity claims have denied broad requests to stay all discovery on the basis that the individual capacity claim may be subject to qualified immunity." *Drewniak v. U.S. Customs & Border Prot.*, 563 F. Supp. 3d 1, 5 (D.N.H. 2021); *see also Roth v. Pres. & Bd. of Trs. of Ohio Univ.*, No. 2:08-cv-1173, 2009 WL 2579388, at *3 (S.D. Ohio Aug. 18, 2009) ("Most courts faced with this issue have ruled in favor of allowing discovery to proceed on the claims to which qualified immunity does not apply."); *Rome v. Romero*, 225 F.R.D. 640, 644-45 (D. Colo. 2004) (permitting discovery that "relate[d] directly to the specific conduct underlying the claims and the defense of immunity" and that related to defendants who did not have qualified immunity defense); *Devers v. Mooney*, No. 3:12-cv-700, 2013 WL 3821759, at *3 (W.D. Ky. July 23, 2013) ("[D]iscovery on the official capacity claims would still have to be conducted even if the individual capacity claims were dismissed. … Staying discovery on the official capacity would therefore have the sole effect of unnecessarily delaying resolution of those claims."); *Cruz v. City of Deming*, 687 F. Supp. 3d 1155, 1166-67 (D.N.M. 2023) ("[O]ne official's mere assertion of qualified immunity *does not* obligate the district court to impose a global stay of the entire case, including as to defendants and claims where qualified immunity is inapplicable.").

In fact, in a very similar case to this one, the District of Massachusetts ordered discovery to proceed "pending the court's resolution of [a] motion to dismiss" personal capacity claims against officials at the Massachusetts Department of Children and

Hon. Tonianne J. Bongiovanni, U.S.M.J.
December 18, 2024
Page 4 of 5

Families, who denied a foster care license to a Catholic couple because of their religious beliefs. *See Burke v. Walsh*, No. 3:23-cv-11798, (D. Mass. Dec. 21, 2023), ECF 71 (text order); *see also Burke v. Walsh*, No. 3:23-cv-11798, 2024 WL 3548759, at *6-8 (D. Mass. June 5, 2024) (rejecting qualified immunity defenses on a motion to dismiss after ordering initial discovery). The same result should follow here.

Here, Plaintiffs have unquestionably met the pleading standard for their constitutional claims under both the currently operative and the proposed amended complaint. *See Lasche v. New Jersey*, No. 20-2325, 2022 WL 604025, at *4-5 (3d Cir. Mar. 1, 2022). Whether two Defendants may be immune from suit does not affect Plaintiffs' claims against four other Defendants (Higgins, Lippencot, Epperly, and Beyer), meaning that discovery as to those claims will need to proceed either way.

Likewise, "[r]egardless of what happens to the damage claim in this case, the equitable requests stand on a different footing." *Lugo*, 819 F.2d at 7. The facts necessary to prove Plaintiffs' personal-capacity claims are largely (if not entirely) identical to those needed to prove their official-capacity claims. For both sets of claims, Plaintiffs will need discovery into how Defendants' policies applied, what actions were taken against Plaintiffs and why, and whether the officials involved acted with overt discrimination. Thus, "sooner or later the parties will have the right to engage in discovery as to the equitable claims, irrespective of whether there is a surviving damage action." *Id.*

Ultimately, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Defendants have provided no reason why a stay is necessary in this case. Christmas Eve will mark six years since this case was filed. The Plaintiffs have plausible claims. The Third Circuit said so. Four Defendants are staying in this case no matter what the Court rules on the unresolved motions, making at least some discovery inevitable. That inevitable discovery should proceed while the Court reinstates and resolves the Plaintiffs' motion for leave to amend their complaint.

Hon. Tonianne J. Bongiovanni, U.S.M.J.
December 18, 2024
Page 5 of 5

Respectfully submitted,
/s/ *Mark M. Roselli*
Mark M. Roselli
ROSELLI GRIEGEL LOZIER, PC
1337 State Highway #33,
Hamilton, NJ 08690
(609) 586-2257
*mroselli@roselligriegel.com*

William J. Haun
Lori H. Windham
Laura Wolk Slavis
Benjamin A. Fleshman
THE BECKET FUND FOR
   RELIGIOUS LIBERTY
1919 Pennsylvania Ave. N.W.,
   Ste. 400
Washington, DC 20006
(202) 955-0095
*whaun@becketlaw.org*
*Counsel for Plaintiff*

cc:    All counsel of record