**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**(609) 989-2040**

**CHAMBERS OF**
**TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

**U.S. COURTHOUSE**
**402 E. STATE STREET, RM 6052**
**TRENTON, NJ 08608**

November 6, 2025

**LETTER ORDER**

**Re: Lasche, et al. v. State of New Jersey, et al.**
**Civil Action No. 18-17552 (GC)**

Dear Counsel:

Pending before the Court is Plaintiffs' motion to seal Exhibit A to the Declaration of Jennifer Lasche ("Exhibit A"). (Docket Entry No. 136). Exhibit A was filed on October 24, 2025. (*See* Docket Entry No. 134-2). In their motion, Plaintiffs request leave to file Exhibit A under seal "because the document . . . is subject to a confidentiality order that requires it to be filed under seal" and "Defendants have consented to this exhibit's remaining sealed." (Pls. Notice of Mot. to Seal at 1-2; Docket Entry No. 136).

Plaintiffs' motion to seal is deficient in that it fails to comply with Local Civil Rule 5.3(c)(3). Indeed, the motion fails to include the requisite index; there is not description of key matters such as "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; [and] (d) why a less restrictive alternative to the relief sought is not available[.]" *See* L.Civ.R. 5.3(c)(3).

Nevertheless, the Court has reviewed Exhibit A and finds that sealing same is warranted under Local Civil Rule 5.3(c)(3). In reaching this conclusion, the Court notes that Exhibit A is a

non-public provider note from the Office of Children's Services. It includes confidential, sensitive information regarding the Lasche household, the Lasche's interest in fostering children, minor children in Lasche's care, etc. The public has no legitimate interest in this very private information. Further, both the Lasche's privacy interests and the minor children's privacy interests in their care would be harmed if Exhibit A were publicly disclosed. Finally, there is no less restrictive alternative than sealing Exhibit A in its entirety.

As a result, the Court grants Plaintiffs' motion to seal Exhibit A. The Clerk of the Court is directed to maintain Exhibit A (Docket Entry No. 134-2) under a permanent seal. Nevertheless, in moving to seal Exhibit A, Plaintiffs also inadvertently sealed their Brief (Docket Entry No. 134) and the Declaration of Jennnifer Lasche (Docket Entry No. 134-1). The Clerk of the Court is directed to unseal these two documents.

**IT IS SO ORDERED.**

s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**