**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

**(609) 989-2040**

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

U.S. COURTHOUSE
**402 E. STATE STREET, RM 6052**
**TRENTON, NJ 08608**

June 26, 2026

**<u>SCHEDULING ORDER</u>**

Re:    **<u>Lasche, et al. v. State of New Jersey, et al.</u>**
       **Civil Action No. 18-17552 (GC)**

Dear Counsel:

Please be advised that the following schedule shall govern this matter:

1. The parties shall propound initial discovery requests by **<u>July 6, 2026</u>**.

2. Fed.R.Civ.P. 26 Disclosures shall be exchanged by **<u>July 14, 2026</u>**.

3. Discovery responses are due by **<u>August 10, 2026</u>**.

4. E-Discovery conference pursuant to L.Civ.R. 26.1(d): **<u>The parties will be seeking e-discovery from one another's respective files and have consented to email service of discovery</u>**.

5. The parties shall submit a joint status update by **<u>September 10, 2026</u>**.

6. Any motion to amend the pleadings and/or to add parties shall be filed by **<u>30 days after all responses to written discovery are served</u>**.

7. Counsel and *pro se* parties will confer in an attempt to resolve any discovery or case management disputes before making such dispute the subject of a motion.  No discovery motion will be entertained absent the parties' full compliance with <u>L.Civ.R.</u> 37.1(a)(1); *see also* <u>L.Civ.R.</u> 16.1(f).

8. Any discovery or case management dispute will be brought to the attention of the United States Magistrate Judge. <u>L.Civ.R.</u> 37.1(a)(1); *see also* <u>L.Civ.R.</u> 16.1(f).

9. Maximum of **<u>25</u>** interrogatories by each party to each other party unless expanded upon by agreement of the parties.

10. Maximum number of depositions to be taken by each party: **<u>10</u>**. This limitation does not preclude the parties from seeking leave of Court if additional depositions are needed. *See* Fed.R.Civ.P. 30(a)(2).

11. All fact discovery, including depositions, shall be completed no later than **January 23, 2027**.

12. Plaintiffs' expert report shall be due on **a date later to be set by the Court**.

13. Defendants' expert report shall be due on **a date later to be set by the Court**.

14. Expert depositions to be completed by **a date later to be set by the Court**.

15. A settlement conference will be scheduled on **a date to be later set by the Court**. Trial counsel and clients with full settlement authority must be present **IN PERSON** at the conference. Any failure in this regard may result in the imposition of sanctions.

16. Dispositive motions shall be filed on **a date to be later set by the Court**.

17. A Final Pretrial Conference shall be held before the undersigned on **a date to be later set by the Court**.

18. At the pretrial conference counsel should be prepared to discuss settlement of the case. Clients must be available by telephone.

19. Trial date **to be determined by the Court**.

20. The attorneys for all parties are further directed to meet together by agreement, initiated by counsel for the plaintiffs no later than ten (10) days before the date of the pretrial conference to:

    a.   discuss settlement;

    b.   stipulate to as many facts and issues as possible;

    c.   prepare a Final Pretrial Order in the form and content as required by the Court. Plaintiff's counsel will prepare the Final Pretrial Order and will submit it to all other counsel for approval and execution. The original and one copy of the executed Final Pretrial Order will be delivered to the pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Stipulation and Order;

    d.   examine all exhibits and documents proposed to be used at trial;

    e.   complete all other matters which may expedite both the pretrial and trial of the case;

    f.   submit an original and one copy of the proposed Final Pretrial Order at least (5) days in advance of the conference; and

    g.   affix appropriate markers to the exhibits at or prior to the time they are shown to opposing counsel at the meeting of counsel referred to above; each marker will bear the number of the exhibit to which it is affixed.

21. Any proposed confidentiality order agreed to by the parties must be accompanied by a separate statement showing specific good cause for the entry of the order and must comply with L.Civ.R. 5.3.

22. The Court may, from time to time, schedule conferences as may be required, either on its own motion or at the request of the parties.

23. Since all dates set forth herein are established with the assistance and knowledge of the parties, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties.

24. Failure to appear at subsequent conferences, or to comply with any of the terms of this Order, may result in sanctions.

25. The parties are advised that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the parties. This equipment includes an evidence presentation system, which consists of a document camera and a projector. The projector may be used to display images which originate from a variety of sources, including television, VCR and personal computer. The document camera may be used to display documents, photographs, charts, transparencies and small objects. For further information, please contact the Courtroom Deputy John Moller.

26. An original copy of any letter memoranda that is faxed or emailed to Chambers should NOT be mailed to Chambers, unless specifically advised otherwise. All proposed orders and letter memoranda emailed to Chambers should be in Microsoft Word format and emailed to: tjb_orders@njd.uscourts.gov. Any letter may be faxed to (609) 989-0435. Any filings with the Clerk of the Court should be in PDF format.

27. Counsel MUST NOT file correspondence, including discovery or status letters, via CM/ECF unless instructed by the Court. Chambers will not receive notice of any such postings. If Counsel wish to have correspondence entered onto the Court docket, they may include this request in the correspondence to the undersigned.

28. Counsel are invited to use the George H. Barlow Attorney Conference Room located on the third floor of the Courthouse Annex. The room is equipped with telephones, laptop and printer access, copier, and facsimile.

**IT IS SO ORDERED.**

s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**

3